UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROGER N. THOMPSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | )   CAUSE NO. 3:05-CV-208 RM |
| | ) |
| CHAD BARR, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Roger Thompson, a prisoner committed to the Indiana Department of Correction, submitted a complaint under 42 U.S.C. § 1983, alleging that Miami Correctional Facility ("MCF") officials refused him treatment for chronic medical and psychiatric problems. Mr. Thompson seeks only damages from the defendants and presents no claim for injunctive relief.

The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Thompson brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). In medical cases, the

2

Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Giving Mr. Thompson the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his deliberate indifference claim against Dr. J. Wiles, Dr. G. Vasily, and Nurse Peg Synowiec.

Mr. Thompson states that he is suing Chad Barr because he supervises the other defendants and "(t)Therefore he is responsible for the failure of medical and psych staff members here at MCF that have refused to treat me for my illnesses." (Complaint at p. 3). Section 1983 creates a cause of action for damages based on personal liability. A person cannot be held liable under § 1983 unless he was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, Starzenski v. City of Elkhart, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which an employer or supervisor may be held liable for an employee's actions, has no application to § 1983 actions. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993). Mr. Thompson doesn't allege that Mr. Barr was personally involved in the failure of the other defendants to treat him, and he may not sue Mr. Barr merely because he was their supervisor.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendants Wiles, Vasily, and Synowiec in their individual capacities for damages on his

3

Eighth Amendment claim that they were deliberately indifferent to his serious medical needs;

(2) DISMISSES defendant Chad Barr from this complaint pursuant to 28 U.S.C. § 1915A(b)(1);

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that defendants Wiles, Vasily, and Synowiec respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendants J. Wiles, G. Vasily, and Peg Synowiec on the plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED.

ENTERED: July 11 , 2004

　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　United States District Court