UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ROGER N. THOMPSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:05-CV-208 RM |
| | ) | |
| CHAD BARR, *et al.,* | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

When Roger Thompson filed this action, he was a prisoner committed to the Indiana Department of Correction. The court granted Mr. Thompson leave to proceed without full prepayment of fees and costs. Granting a prisoner's request to proceed *in forma pauperis* means that the inmate must pay the full filing fee, but may benefit from procedures whereby he will be permitted to pay the fee in installments from his prison trust account. 28 U.S.C. § 1915(b). Mr. Thompson has not yet paid the full filing fee in this action.

Mr. Thompson has now been released from custody and is no longer confined in any jail or penal facility. Section 1915(b)(1) requires a person who files a civil action or civil appeal while he is a prisoner to pay the full filing fee even if he is released before the filing fee is paid in full. Robbins v. Switzer, 104 F.3d 895, 897 (7th Cir. 1997). Section 1915(b)(2) contemplates that a prisoner make installment payments toward the filing fee from his trust account, but a prisoner's release from incarceration means that there is no longer a prison trust account from which to withdraw payments. Section 1915(b)(4) "provides that a case may continue even if the prisoner is unable to pay anything." *Id.* at 897.

When a prisoner is released before paying the filing fee in full, he must pay any initial partial filing fee that is assessed, and any installment payments justified by the income to his prisoner trust account. <u>Robbins v. Switzer</u>, 104 F.3d at 897-898. But after his release, § 1915(b)(4) permits a former prisoner who has paid the initial partial filing fee assessed under § 1915(b)(1) and any installment payments due under § 1915(b)(2), to be excused from further payments on the filing fee if he is destitute. *Id.* at 898.

Mr. Thompson has made all payments required under §§ 1915(b)(1) and 1915(b)(2). He has now filed another petition to proceed *in forma pauperis* as a non-prisoner. Review of his petition establishes that he is has not been employed since his release from custody and that he has no assets. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), Mr. Thompson is currently entitled to proceed without making further payments on the filing fee. "Unsuccessful litigants are liable for fees and costs and must pay when they are able." <u>Robbins v. Switzer</u>, 104 F.3d at 898, *citing* <u>McGill v. Faulkner</u>, 18 F.3d 456 (7th Cir. 1994). So, if Mr. Thompson prevails in this case, or he is ultimately unsuccessful but his financial situation has improved, he may still be required to make further payments toward fees and costs.

For the foregoing reasons, the court GRANTS the plaintiff's motion to proceed *in forma pauperis* [docket #46] and DISCHARGES him from the requirement imposed by the order issued on April 27, 2005, that he make installment payments toward the filing fee. The court DIRECTS the clerk's office to close the ledger opened to receive installment payments toward the filing fee in

this case and note on the ledger that Mr. Thompson has been discharged from making any further payments toward the filing fee.

SO ORDERED.

ENTERED: November 2 , 2005

___/s/ Robert L. Miller, Jr._____
Chief Judge
United States District Court

3