UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ROGER N. THOMPSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:05-CV-208 RM |
| | ) | |
| CHAD BARR, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Roger Thompson submitted a complaint under 42 U.S.C. § 1983, alleging that medical staff members at the Miami Correction Facility violated his federally protected rights while he was confined there. The court screened the complaint pursuant to 28 U.S.C. § 1915A, and allowed Mr. Thompson to proceed against doctors J. Wiles and G. Vasily and Nurse Peg Synowiec on his claim that they were deliberately indifference to his serious medical needs.

The defendants have moved for summary judgment pursuant to FED R. CIV. P. 56; Mr. Thompson has responded. For the reasons that follow, the court grants the defendants' summary judgment motion.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue

> for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.
>
>    . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Ranochakio Corp., 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

Mr. Thompson alleges that the defendants refused him medical and psychiatric care, causing him to suffer physical deterioration and mental stress. The defendants submit their declarations and portions of Mr. Thompson's medical records from the Miami Correctional Facility. According to the defendants' submissions, they evaluated Mr. Thompson for his medical and psychiatric problems and provided him with extensive medication and treatment.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). "Under the Eighth Amendment, [a plaintiff] is not entitled to specific care . . . [or] . . . entitled to the best possible care." Forbes v. Edgar, 112 F.3d 262,

267 (7th Cir. 1997). Negligence or medical malpractice do not constitute deliberate indifference, Estelle v. Gamble, 429 U.S. at 106, and a mere disagreement with a physician over a course of medical treatment states no claim under § 1983 Brownlow v. Chavez, 871 F.Supp. 1061, 1064 (S.D.Ind. 1994). Even medical malpractice and incompetence state no claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000).

The defendants' submissions establish that they saw Mr. Thompson, evaluated him, and prescribed extensive treatment for his medical and psyciatric problems. That doctors see an inmate and treat him by prescribing medications and treatment normally establishes lack of indifference to the inmate's medical problems. Estelle v. Gamble, 429 U.S. at 107-108.

The defendants' summary judgment motion pointed out facts and law that would keep Mr. Thompson from succeeding on his claim that they were indifferent to his medical and psychiatric problems and denied him treatment. The defendants also provided Mr. Thompson with a notice that informed him of the method and importance of responding to their summary judgment motion, *see* Timms v. Frank, 953 F.2d 281, 285-86 (7th Cir.), *cert. denied*, 504 U.S. 957 1992); Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982). (Docket #77). Mr. Thompson responded with a motion to set this matter for trial, in which he states "I object to the defendants[`] motions that are found in their dispositive motion." Despite the warning contained in the defendants' notice, Mr. Thompson did not submit sworn testimony or other admissible evidence contesting the defendants' submissions.

Because the defendants met their initial obligation under Fed. R. Civ. P. 56, the burden fell upon Mr. Thompson to come forth with evidence sufficient, if viewed as fully

3

in his favor as reasonable, would allow a factfinder to decide in his favor the question of whether the defendants were deliberately indifferent to his serious medical needs. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). When a non-moving party does not make such a showing, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 884 (1990), citing Celotex Corp. v. Catrett, 477 U.S. at 323. Because Mr. Thompson has not submitted admissible evidence contesting the defendants' request for summary judgment, he has not met his burden of coming forth with evidence sufficient which, if viewed reasonably in his favor, would allow a factfinder to decide in his favor the question of whether the defendants were deliberately indifferent to his serious medical needs.

For the foregoing reasons, the court GRANTS the defendants' motion for summary judgment (docket #78), and DIRECTS the clerk to enter judgment in favor of the defendants and against the plaintiff.

SO ORDERED.

ENTERED: May  9 , 2007

                                             /s/ Robert L. Miller, Jr.
                                            Chief Judge
                                            United States District Court